PUGET SOUND TRACTION, LIGHT & POWER CO. v. HUNT et ux.

(Circuit Court of Appeals, Ninth Circuit.  May 24, 1915.)

No. 2546.

1. STREET RAILROADS ⬳117—INJURY IN COLLISION AT CROSSING—ACTION—QUESTIONS FOR JURY.

In an action against a street railroad company to recover for injuries sustained in a collision at a street crossing between a street car and an automobile in which plaintiffs were riding, where the evidence as to the speed of both the car and the automobile was directly in conflict, the question of negligence and contributory negligence *held* properly submitted to the jury.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 239–257; Dec. Dig. ⬳117.]

2. NEGLIGENCE ⬳121—ACTIONS—PRESUMPTIONS AND BURDEN OF PROOF.

In an action for personal injury, even though negligence of the defendant is shown, there is no presumption that such negligence was the proximate cause of the injury; but the burden in all cases rests on plaintiff to establish such fact by evidence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 217–220, 224–228, 271; Dec. Dig. ⬳121.]

3. APPEAL AND ERROR ⬳1064—REVIEW—INSTRUCTIONS—HARMLESS ERROR.

In an action against a street railroad company to recover for an injury received by plaintiffs while riding in an automobile in a collision with a car of defendant at a street crossing, the charge of the court, while containing erroneous statements of the law, *held* not prejudicial to defendant in view of the evidence in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219, 4221–4224; Dec. Dig. ⬳1064.]

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Action at law by M. A. Hunt and Mary A. Hunt, his wife, against the Puget Sound Traction, Light & Power Company.  Judgment for plaintiffs, and defendant brings error.  Affirmed.

James B. Howe and A. J. Falknor, both of Seattle, Wash., for plaintiff in error.

F. E. Hammond, J. M. Hammond, and T. F. Bevington, all of Seattle, Wash., for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge.  This was an action to recover damages for injuries to person and property resulting from a collision between an automobile and a street car at the intersection of Twenty-Seventh avenue and East Cherry street in the city of Seattle.  The jury returned a verdict in favor of the plaintiffs in the court below in the sum of $500, and from a judgment on the verdict the present writ of error was sued out by the defendant.  To avoid confusion in the statement, we will refer to the parties as plaintiffs and defendant, as they are designated in the pleadings and in the proceedings of the court below.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Error is assigned to the refusal of the court to direct the jury to return a verdict in favor of the defendant and to the giving of certain instructions duly excepted to by the defendant. Much of the brief on behalf of the defendant is devoted to a discussion of the facts in the case, and our attention is directed to the numerous conflicts and discrepancies in the testimony. It will be conceded at the outstart that the testimony is extremely conflicting where it relates to matters of fact, as well as where it relates to matter of opinion only. Thus the different witnesses estimated the speed of the street car at from 10 to 30 miles per hour, and the speed of the automobile at from 8 to 30 miles per hour, and the witnesses who placed the highest estimate on the speed of the street car placed the lowest estimate on the speed of the automobile, and vice versa. The testimony would, no doubt, warrant a finding that the defendant was free from negligence, and the driver of the automobile guilty of gross negligence. It would likewise warrant a finding that both the motorman and the driver of the automobile were violating the traffic ordinances of the city and endangering human life. But the only question with which this court is concerned under the first assignment of error is the single one: Did the testimony justify the submission of the case to the jury at all?

It appears from the testimony on the part of the plaintiffs that the automobile was driven north on Twenty-Seventh avenue immediately prior to the accident, and as the driver approached East Cherry street he slowed down to about 8 miles per hour. An apartment house on the corner at the street intersection obstructed his view, so that he could not see the street car approaching from the west until he had passed beyond the building, and there his view was again obstructed by a covered delivery wagon in the street. When he reached a point where he could see the street car, the front end of the automobile was within 10 or 12 feet of the street railway track, and the street car was about 180 feet from the crossing, approaching at a speed of 30 miles per hour. The driver of the automobile was of opinion that he could not cross over in front of the street car in safety, so he turned slightly to the left and applied the emergency brake. The automobile came to a stop within a few feet of the rail, but not in the clear, and was struck by the street car, causing the wreckage and injury complained of.

Under these facts the jury was warranted in finding that the defendant was guilty of negligence, and we think the question of contributory negligence on the part of the driver of the automobile was one of fact, and not of law. In cases of this kind the question of due care cannot always be measured in feet or in seconds. When confronted with danger, the driver of an automobile or other vehicle may not exercise good judgment, or pursue the safest or wisest course. The question is, not what might have been done to avoid the accident, but what would an ordinarily prudent person have done under the like circumstances and conditions. And we do not think it can be said as a matter of law that a person approaching a street upon which street cars are running, with his automobile under control, running at a speed of 8 miles per hour, is necessarily guilty of contributory negligence simply because he does not avoid a collision with a street car, violating traffic

ordinances and running wildly through the city at a speed of 30 miles per hour. Of course, as we have said, there was much testimony opposed to this view, but we must accept the testimony most favorable to the plaintiffs in determining the question now before us.

Our attention is further directed to section 2531 of Rem. & Bal. Code, which provides as follows:

"Every person who shall drive or operate * * * any automobile or motor vehicle * * * over any crossing, crosswalk or street intersection within the limits of any city or town, when any person is upon the same, at a rate of speed faster than one mile in fifteen minutes, * * * shall be guilty of a misdemeanor."

This section was intended primarily for the protection of foot passengers at street intersections, and is only applicable when some person is *upon the same.* In this case no person for whose protection the statute was enacted was injured, and it was for the jury to say whether there was any person upon the crossing at the time, and whether the statute was at all applicable. For these reasons we are of opinion that the court committed no error in submitting the case to the jury.

[2] The court gave numerous instructions on the question of negligence, contributory negligence, and proximate cause, among which were the following:

"You are instructed that the law considers the operation of a street car and the operation of an automobile on a public street to have in them an element of danger to the public, and when operated at an excessive rate of speed to be a menace to public safety, and has therefore fixed a limit upon the speed at which they shall be operated in certain places, and when such vehicles are operated at a speed in excess of that provision within the restricted district, and an injury is occasioned thereby, *then the law presumes that the injury was the result of the excessive speed, and casts the burden of proof upon such party to show that the injury, if any was occasioned, was not the result of its or his negligence,* and when both parties, the plaintiff and defendant, run at excessive rates of speed, it is for the jury to determine the conduct or negligence of which was the proximate cause of the injury.

"You are instructed that by ordinance of the city of Seattle it is provided that no person shall propel or cause to be propelled any street car within the business or settled residential districts of the city at a speed exceeding 12 miles per hour, and that under the provisions of this ordinance the operation of a street car in the business or settled residential district in excess of 12 miles per hour, in case of an injury resulting from such excessive speed, it would be presumed under the law that the company would be negligent in its operation. In the consideration of this ordinance it will be for you to determine the speed at which the car was operated, and in determining whether or not the car was moving at an excessive rate of speed, you will take into consideration whether the point at which the collision occurred came within the limited districts in the ordinance as above stated, which lmits the speed to 12 miles per hour, and if you find that it did, and the car was running to exceed 12 miles per hour, then it will be presumed in the first instance that the company was negligent if an injury resulted, and the burden of proof would be upon the company to show that it was in fact not negligent, even though the car was running at such excessive rate of speed, *and that the injury occasioned was caused by the negligence of the plaintiff as the proximate cause thereof.* But if you should find that the place was not within the district restricted in the ordinance, then you will determine whether the car was running at such a reasonable rate of speed,

which of itself was not negligent, taking into consideration all of the surroundings as disclosed by the evidence.

"You are instructed, likewise, that under the law of the state the speed of an automobile in a city shall not be greater than 12 miles per hour, nor over a crossing of a street or crosswalk within the limits of any city at a greater speed than 4 miles per hour; and you are instructed that if a person does drive an automobile in the restricted places in the city provided in the state statute at a greater speed than that provided, and an injury should occur, the presumption would be that the automobile driver was negligent, and the burden would shift upon the driver of the automobile under such circumstances to show that the excessive speed was not the proximate cause of the injury, and therefore contributory negligence upon his part.

"So that you may fully understand these instructions in view of the circumstances of this case, I will say that I mean that if you should find that the automobile at issue was driven by the plaintiff at a greater speed than 12 miles per hour on Twenty-Seventh avenue approaching Cherry street, and more than 4 miles an hour in crossing Cherry street, and an injury resulted, the presumption of law would be that he was guilty of negligence; and if he seeks to recover for the injury resulting to himself the presumption would be that his contributory negligence was the proximate cause of the injury, and it would cast the burden upon him to show that his negligence did not contribute to the injury as the proximate cause thereof. * * *

"But if you should find that the plaintiff was driving along Twenty-Seventh avenue at a high rate of speed, and approached the street car track at an excessive rate of speed, as defined in these instructions, and that the street car coming down Cherry street approached Twenty-Seventh avenue at about the same time, and the automobile ran into the street car, and you believe by a fair preponderance of the evidence that the speed at which the automobile was operating and the failure of the plaintiff to observe the approaching car was the proximate cause of the injury, and without which it would not have happened, under such circumstances the plaintiff's conduct would be, under the law, acts which contributed to the injury as the proximate cause thereof, and he could not recover. * * *

"The duties between the plaintiff and the defendant company were reciprocal with relation to the conduct that should have been enjoyed or employed by either of them, and it is for you to determine which one was negligent with relation to the duty imposed in this case; and if you find that the defendant was negligent in the operation of its car, and that the plaintiff was free from contributory negligence which contributed to the resulting injury as the proximate cause thereof, but that the injury and damage was the proximate result of the defendant's conduct, then you will return a verdict for the plaintiff in this case.

"But if you believe from the testimony in this case that the plaintiff was negligent in the operation of his automobile, and that his negligence resulted in the injury complained of as the proximate cause thereof, then the plaintiff could not recover in this case, and your verdict must be for the defendant. * * *

"In this case, if you should find that the defendant was not negligent, or that it was negligent, but that its negligence did not result in this injury as the proximate cause thereof, but that the contributory negligence of the plaintiff was the proximate cause thereof, then your verdict would be for the defendant in this case."

Exception was duly taken to the italicized parts of the charge, wherein the court instructed the jury in substance that the law presumes that the negligence on the part of the defendant company was the proximate cause of the injury. As an abstract proposition of law this part of the charge is clearly erroneous. In every personal injury case the plaintiff must establish two propositions: First, that the defendant was negligent; and, second, the causal connection between the negligence and the injury complained of. Negligence is sometimes pre-

sumed, as in cases where the doctrine of res ipsa loquitur applies, or where there has been a violation of a statutory duty, but the proximate cause of an injury is never presumed. On this question there is no conflict of authority. See 29 Cyc. 600, and the numerous cases there cited.

[3] Was this part of the charge prejudicial, and does it call for a reversal? Independently of the question of negligence, there would seem to be no question as to the proximate cause of the injury in this case. The collision was not the result of mere accident. It resulted from negligence on the part of the defendant, negligence on the part of the driver of the automobile, or the concurring negligence of both. The street car either crashed into the automobile, or the automobile crashed into the street car, and when the question of negligence was determined, the question of proximate cause followed as a matter of course. The court instructed the jury that there could be no recovery if the negligence on the part of the plaintiff caused or contributed to the injury, and that *"the presumption would be that his contributory negligence was the proximate cause of the injury."* It will be observed that the court here fell into the same error by stating to the jury that the law presumed that contributory negligence of the plaintiffs was the proximate cause of the injury, and the charge was objectionable from the standpoint of the plaintiffs, as well as from the standpoint of the defendant. Of course, one erroneous charge does not ordinarily counteract another; but we think it can safely be said that the defendant was not prejudiced by the inadvertent use of the language complained of, and that the result would not have been different, had the objectionable words been entirely omitted.

We reach this conclusion with the less hesitation because the defendant opposed the granting of a new trial on behalf of the plaintiffs in the court below, and from this we think we have a right to assume that the defendant was satisfied with the verdict, if, as a matter of law, the case should have gone to the jury at all.

We are of opinion, therefore, that there is no prejudicial error in the record, and the judgment is affirmed.